**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 14-cv-00370-MSK

**TRANS-HIGH CORPORATION, d/b/a High Times Magazine, and
DENVER WESTWORD, LLC,**

      **Plaintiffs,**

**v.**

**THE STATE OF COLORADO,
BARBARA J. BROHL, in her official capacity as Executive Director of the Colorado
Department of Revenue, and
JOHN W. HICKENLOOPER, JR., in his official capacity as Governor of Colorado,**

      **Defendants.**

---

**OPINION AND ORDER DENYING
MOTION FOR PRELIMINARY INJUNCTION
AND GRANTING LEAVE TO AMEND COMPLAINT**

---

      **THIS MATTER** comes before the Court on the Plaintiffs' Motion for Preliminary

Injunction (**#2**). It appears that the Complaint and the Motion have not yet been served on the

Defendants. However, based on the Court's preliminary review of the Plaintiffs' Complaint (**#1**)

and motion, the Court *sua sponte* determines that it lacks subject matter jurisdiction over the

action as currently configured.

## FACTS

      The Complaint alleges that the Colorado Department of Revenue, Marijuana

Enforcement Division ("MED"), recently adopted regulations that restrict the ability of a retail

marijuana establishment[1] to advertise via television, radio, print media, and the internet. As

---

[1]      The regulations define a "retail marijuana establishment" to include retail marijuana
stores, cultivation facilities, marijuana product manufacturers, and marijuana testing facilities.

relevant here, the regulations prohibit a retail marijuana establishment from advertising in print media unless the marijuana establishment "has reliable evidence that no more than 30 percent of the publication's readership is reasonably expected to be under the age of 21," and prohibit advertising in internet media unless the marijuana establishment "has reliable evidence that no more than 30 percent of the audience for the internet web site is reasonably expected to be under the age of 21." *See* 1 C.C.R. 212-2, R1106, R1107.[2]

The Plaintiffs identify their business as "publishing and distributing magazines and/or newspapers that carry and seek to carry advertisements" by retail marijuana establishments "through print media and the Internet." Neither Plaintiff purports to be a retail marijuana establishment,[3] nor identifies any request by a retail marijuana establishment to advertise in its publications. Moreover, neither Plaintiff asserts that 30% of more of its readership or audience is reasonably expected to consist of persons under the age of 21. Indeed, the Complaint makes no reference whatsoever to the composition of the Plaintiffs' readership.

The Complaint asserts a single claim, pursuant to 42 U.S.C. § 1983, that the regulations violate the Plaintiffs' right to free speech under the First Amendment of the United States Constitution.

---

[2]    Similar rules apply to television and radio advertising, requiring that the marijuana establishment possess evidence that the program the advertisement appears in have at least 70% of its audience over the age of 21. The regulations also prohibit certain forms of outdoor advertising and advertising targeting out-of-state residents, but nothing in the Complaint indicates facts suggesting that the two named Plaintiffs are affected by these restrictions.

[3]    The Complaint alleges that Plaintiff Trans-High Corporation has licensed its trademarks to a "seed cultivation company" (presumably, marijuana seeds), and that Trans-High Corporation intends to carry advertising relating to that company. Assuming that a "seed cultivation company" falls within the regulations' definition of "retail marijuana establishment," the Court notes that the seed cultivation company itself is not currently a party to this action.

## ANALYSIS

Federal courts have limited jurisdiction to consider issues brought before them.  Whether a federal court has jurisdiction must be considered by the court in accordance with limits set out in the United States Constitution.  Such limits cannot be modified or waived by the parties to the lawsuit.  *See Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of "cases" or "controversies."  U.S. Const. art. III, § 2, cl. 1.  For there to be a cognizable "case" or "controversy," there must be a claim that can be brought in a federal court, and it must be brought by a plaintiff with legal standing to do so.  To have legal standing, a plaintiff must have a right or interest that has been, or will be, affected by the challenged law or regulation.  *Allen v. Wright*, 468 U.S. 737, 750-51 (1984).  If there is no plaintiff with standing to assert the identified claims, the federal court lacks subject matter jurisdiction to hear the action. *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93 (2009)

Here the Plaintiffs assert a claim that the subject regulations have or will violate their right to free speech as guaranteed by the First Amendment to the United States Constitution. This type of claim is one that a federal court can hear; the question is whether either of the named plaintiffs has legal standing to present it.  To have standing, the Plaintiffs must state sufficient facts in the Complaint to demonstrate that: (i) they will suffer a violation of a protected right or interest (ii) by virtue of the enforcement of the regulation, and (iii) if the regulation were not enforced, there would be no injury.  *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81

(2000); *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). For purposes of this inquiry, the Court treats the allegations in the Complaint as true.

Unfortunately, the allegations in the Complaint are insufficient to establish that either Plaintiff has standing to assert the claim. First, it is noteworthy to observe that the regulations in question do not address conduct by the *Plaintiffs* — who are publishers. Instead, the regulations limit conduct by advertisers — i.e, retail marijuana establishments. Thus, it is retail marijuana establishments who seek advertising who are directly affected by enforcement of the regulations.

Generally, a party cannot challenge laws or regulations that burden someone else's rights. *See, e.g., Outdoor Media Group, Inc. v. City of Beaumont*, 464 Fed.Appx. 611, 613 (9th Cir. 2011) (unpublished), *citing Craig v. Boren*, 429 U.S 190, 192-97 (1976). However, courts have allowed publishers to challenge regulations that restrict the speech of putative advertisers if there is a colorable assertion that the regulation had a "chilling effect" on the potential advertisers. *See Penny Saver Publications, Inc. v. Village of Hazel Crest*, 905 F.2d 150, 153-54 (7th Cir. 1990). Put another way, if a regulation discourages an advertiser from even seeking advertising from a publisher, the publisher may have standing.

This Complaint makes only a conclusory assertion that "the regulations at issue would reasonably chill a corporation of ordinary firmness," without offering any factual elaboration. There is no allegation that any advertiser has been discouraged from seeking to place advertisements with either of the Plaintiffs. Thus, as currently drafted, the Complaint does not contain a colorable showing sufficient for the Plaintiffs to pursue the rights of advertisers.

Second, the Complaint fails to clearly identify an injury to the Plaintiffs that is or would be caused by the regulations. The interest that the Plaintiffs assert is their right to sell advertising

to retail marijuana establishments.[4]  But the Complaint identifies no retail marijuana establishment that 1) seeks or has sought to buy advertising from the Plaintiffs; and 2) was or would be precluded from doing so by the Regulations.  There is no allegation that any retail marijuana establishment has inquired about or sought to procure advertising from the Plaintiffs.  More importantly, there is no allegation that the regulations would preclude an advertiser from obtaining advertising from the Plaintiffs.  The regulations affect only advertising in publications with the more than 30% of the readership (audience) is under age 21.[5]  Only if the Plaintiffs have a readership or audience falling within that parameter would Plaintiff's advertisers be affected.  There is no allegation in the Complaint about the readership or audience of the Plaintiffs.

For these reasons, the Court finds that the Complaint does not allege sufficient facts to establish that the Plaintiffs have standing to assert the claim.  As a result, the Court lacks subject matter jurisdiction over the action.  The Motion for Preliminary Injunction **(# 2)** is **DENIED,** without prejudice to refiling if the Complaint is amended to establish that a plaintiff has standing.

---

[4]      The Complaint alleges only that the Plaintiffs "wish to solicit customers . . .  to advertise."

[5]      The regulations appear to focus not on the <u>actual</u> demographics of a publication's readership, but rather, on the retail marijuana establishment's "evidence" of its "reasonabl[e] expectations" of those demographics.  The Court does not speculate as to what sort of factual allegation by the Plaintiffs would be necessary to demonstrate that retail marijuana establishments would consider the Plaintiffs' publications to fall within the scope of the regulation.

The Plaintiffs are granted 21 days from the date of this Order to amend their Complaint.  Failure to do so will result in dismissal of the case.

Dated this 14th day of  February, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge