IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00370-MSK-MJW

TRANS-HIGH CORPORATION, d.b.a. HIGH TIMES MAGAZINE,
WE ARE PUEBLO LLC, d.b.a. PULP,
COLORADO PRESS ASSOCIATION, INC.,
3-D DENVER'S DISCREET DISPENSARY, LLC, d.b.a. 3D CANNABIS CENTER, and
KARMACEUTICALS, LLC,

Plaintiff(s),

v.

BARBARA J. BROHL, in her official capacity as Executive Director of the
Colorado Department of Revenue,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT TO
ADD A LEGAL CLAIM AGAINST DEFENDANT BROHL (DOCKET NO. 59)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Leave to File Third Amended Complaint to Add a Legal Claim Against Defendant Brohl (docket no. 59). The court has reviewed the subject motion (docket no. 59), the response (docket no. 65), and the reply (docket no. 66). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiffs seek leave of court to file a Third Amended Complaint to add a Due Process claim against Defendant under the Fourteenth Amendment to the United States Constitution based on Defendant's unilateral, *de facto* amendment of Colo. Const. art. II, § 10 and Colo. Const. art. XIX, §§ 1 and 2. In support of the subject motion (docket no. 59), Plaintiffs argue that the Eleventh Amendment to the United States Constitution does not bar suits against the State when the State terminates a state-created liberty interest without due process. The United States Supreme Court has "repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment." Vitek v. Jones, 445 U.S. 480, 488 (1980);

5. That Plaintiffs contend that they should be permitted to file a Third Amended Complaint and add a Due Process claim. Plaintiffs argue that their Due Process claim alleges that the Colorado Department of Revenue, Marijuana Enforcement Division's (MED) rules at issue unconstitutionally amend the Colorado Constitution through regulation. Colo Const. art. XVII, § 16 (personal use and regulation

3

of marijuana) provides for the legal status of recreational marijuana stating, *inter alia*, "that marijuana should be regulated in a manner similar to alcohol." Id., § 16(1)(b). Plaintiffs argue the MED cannot amend Section 16 by regulating speech regarding retail marijuana establishments in a much more restrictive manner than speech regarding alcohol. Furthermore, Plaintiffs argue that the Colo. Const. art. II, § 10 (freedom of speech and press) prohibits any law "impairing the freedom of speech" and promises that "every person shall be free to speak, write, or publish whatever he will on any subject," and the MED cannot amend Section 10 through regulation by significantly restricting the ability of retail marijuana establishments and publications to speak, write, or publish speech relating to marijuana. See People ex rel. Tooley v. Seven Thirty-Five E. Colfax, Inc., 697 P.2d 348, 356 (Colo. 1985) ("the Colorado Constitution provides broader protection for freedom of speech than does the First Amendment to the United States Constitution"). Accordingly, Plaintiffs argue that the MED has amended the Colorado Constitution through regulation without due process of law, in violation of the Fourteenth Amendment to the United States Constitution;

6. That Defendant contends that the subject motion (docket no. 59) should be denied because: (a) Plaintiffs have not met the standard for obtaining leave to file a Third Amended Complaint; (b) such

4

amendment as requested is futile because this court lacks subject matter jurisdiction over Plaintiffs' purposed Due Process claim; and (c) the Eleventh Amendment to the United States Constitution bars a direct claim against Defendant for violation of the Colorado Constitution, and even if the Eleventh Amendment does not bar Plaintiffs requested Due Process claim, this court should abstain from exercising jurisdiction under the *Pullman* abstention doctrine.

In support of Defendant's contentions, Defendant argues that Plaintiffs seek to invoke the jurisdiction of this court through the back door (i.e., by alleging Defendant violated the due process clause of the United States Constitution on the grounds that the challenged regulations constitute an "amendment" of the Colorado Constitution without following the proper procedure for amending that constitution). In essence, Defendant argues that Plaintiffs are attempting to concoct a procedural due process claim for the purpose of circumventing the bar of the Eleventh Amendment to direct challenges under the Colorado Constitution. See Lewis v. N.M. Dept. Of Health, 261 F.3d 970, 979 (10th Cir. 2001) (state's immunity under Eleventh Amendment and *Ex parte Young* is a matter of subject matter jurisdiction).

Defendant further argues that this court should abstain from

5

exercising jurisdiction over Plaintiffs' proposed Due Process Claim under the *Pullman* Abstention doctrine. See R. R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 501 (1941).

In Kansas Judicial Review v. Stout, 519 F.3d 1107, 1118-19 (10th Cir. 2008), the Tenth Circuit held that the *Pullman* abstention doctrine is appropriate when:

> (1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law would hinder important state law policies.

However, the *Pullman* Abstention doctrine is a narrow exception to the duty of federal courts to adjudicate cases properly before them and is used only in exceptional circumstances. Id.; and

7. Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365

6

(10th Cir. 1993)).

As to Defendant Brohl's futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423 (D. Colo. June 20, 2008). In the General Steel case, Judge Ebel stated, in pertinent part: ". . . Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendant may be better served by waiting to assert Rule 12 motions until the operative [pleading] is in place."

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion for Leave to File Third Amended Complaint to Add a Legal Claim Against Defendant Brohl (docket no. 59) is **GRANTED**. The Plaintiff's Third Amended Complaint (docket no. 59-1) is ACCEPTED for filing as of the date of this Order;

2. That Defendant shall notify this court within 10 days from the date of this Order whether Defendant will be seeking WITHDRAWAL of its Motion to Dismiss Second Amended Complaint (docket no. 50) with leave to re-file a Motion to Dismiss Third Amended Complaint

7

(docket no. 59-1) in light of this court's ruling above; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 18th day of August 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE