IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-00370-MSK-MJW

TRANS-HIGH CORPORATION, d.b.a. HIGH TIMES MAGAZINE,
WE ARE PUEBLO LLC, d.b.a. PULP, and
COLORADO PRESS ASSOCIATION, INC.,

    Plaintiffs,

v.

BARBARA J. BROHL, in her official capacity as Executive Director of the Colorado Department of Revenue,

    Defendant.

## PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION (Docket No. 75-1)

    1.    This Protective Order shall apply to all documents, trial exhibits, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

    2.    As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. *See* Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that Plaintiffs have a good faith belief constitutes a trade secret or other proprietary information falling within

1

the scope of C.R.S. § 7-74-102 and/or Fed. R. Civ. P. 26(c)(1)(G). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial (including any appeal) of this case.

    4.    CONFIDENTIAL documents, materials, and/or information shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed by the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including any current employee of a party and designated representatives for Plaintiffs or Defendant;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in

this action and that his examination with respect to the document is necessary in connection with such testimony; and

      (h)    other persons by agreement of all the parties.

5. Prior to disclosing any CONFIDENTIAL documents to individuals within 4(d), 4(g) and 4(h) listed above, counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by his or its attorney who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL as defined herein.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within fifteen (15) days after notice by the court reporter of the completion of the transcript.

8. Production of any document or materials without a designation of confidentiality, or an incorrect designation, will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

9. Notwithstanding any other provision of this Protective Order, no person shall be precluded from using or disclosing, in any lawful manner, any Confidential information that(a) is public knowledge prior to disclosure to that person; (b) was independently known by that person prior to disclosure to that person; (c) after disclosure, either is independently and lawfully developed or is acquired by the receiving party from any source, other than the designating source, unless the receiving party knows or should know that the person came into possession of such Confidential information unlawfully; or (d) after disclosure, becomes public knowledge other than by an act or omission of the receiving party. The burden of proving prior possession, prior knowledge or prior public knowledge of such Confidential information shall be on the receiving party.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within fifteen (15) days after the conclusion of the five (5) business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. In the event it is necessary for a party to file CONFIDENTIAL information with the Court, the party filing the CONFIDENTIAL information shall give the opposing party advance notice that it will be filing such information, and shall file ~~the information as "restricted"~~ *[handwritten: A motion to Restrict Access]* pursuant to D.C.COLO.L.CivR7.2. If a party seeks to restrict public access to this information for a period longer than fourteen (14) days after the filing of the information, the party seeking this restriction shall file a motion to restrict in the manner prescribed by D.C.COLO.L.CivR 7.2(c) &(e). Nothing in this Protective Order shall preclude the non-producing party from opposing a motion to restrict public access. *[handwritten: MJW 8-26-14]*

12. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

13. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, from filing a motion with respect to the manner in which CONFIDENTIAL information shall be treated at trial.

14. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

APPROVED AS TO FORM this 25th day of August, 2014.

KILLMER, LANE & NEWMAN, LLP

*s/ Michael P. Fairhurst*

5

David A. Lane
Darold W. Killmer
Michael P. Fairhurst
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
dlane@kln-law.com
dkillmer@kln-law.com
mfairhurst@kln-law.com

DONE AND ORDERED this 26TH day of August, 2014.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO